# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

_____

**CHARLES RODEN AND LINDA RODEN**                                              **PLAINTIFFS**

**v.**                                                                                                       **CASE NO. 2:12cv120-B-V**

**NATIONWIDE MUTUAL FIRE**
**INSURANCE COMPANY**                                                                          **DEFENDANT**
_____

## MEMORANDUM OPINION

Presently before the court is the motion of Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"), for summary judgment. Upon due consideration of the parties' filings and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

On May 11, 2009, Plaintiffs Charles and Linda Roden purchased a Standard Flood Insurance Policy ("SFIP") from Nationwide Mutual Fire Insurance Company to insure real property from flood damage near the Mississippi River in Bolivar County, Mississippi.[1] The application was made in connection with obtaining a loan. Plaintiffs allowed the coverage to lapse. Plaintiffs applied for a new policy on May 2, 2011, since flood insurance was required by their lender. Plaintiffs' agent indicated on the insurance application that the waiting period would not apply since Plaintiffs' lender required flood insurance.

After flood damage to the area, FEMA issued a bulletin to insurance carriers participating in the "Write Your Own" ("WYO") carrier program containing a start date of the flood relevant for

---

[1] The National Flood Insurance Act allows insurance companies to issue SFIPs as a "Write Your Own" carrier through the National Flood Insurance Program ("NFIP"). The Federal Emergency Management Agency ("FEMA") regulates and pays on the policy. *See* National Flood Insurance Act of 1968, 42 U.S.C. §§ 4013, 4019.

the community, and advised that the insurance companies would need to adjust the claims on an individual basis because information might indicate that the flood in progress exclusion should not apply to a claim. FEMA's bulletin indicated that the flooding in Bolivar County, Mississippi began on April 25, 2011 since someone in the community claimed damage on that date. Plaintiffs sustained flood damage on May 10, 2011. Plaintiffs allege that on April 25, 2011, the nearest gauge in Arkansas City recorded a depth of 33.19 feet, which is almost four feet below flood stage.

Nationwide denied Plaintiffs' policy under the SFIP stating that the flood was deemed to be in progress prior to Plaintiffs' policies' effective dates. Plaintiffs appealed the decision to James Sadler, Director of Claims for the NFIP, who affirmed the companies' disallowance of Plaintiffs' claims.

Plaintiffs then filed the instant actions seeking a declaration from the court that FEMA's flood in progress date was selected in an arbitrary and capricious manner and is inaccurate. Plaintiffs further allege a claim against the insurance companies who issued the policies for bad faith in failing to pay the claim. Defendant Nationwide has moved for summary judgment.[2]

## Standard of Review

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In reviewing the evidence, this court must draw all reasonable

---

[2] The FEMA defendants named in this action were previously dismissed by this court on the basis of sovereign immunity. *See* Order 25.

inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). In so doing, the court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151. Plaintiff's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1975 (5th Cir. 1994) (citations omitted).

Discussion

Nationwide first argues that the Rodens' insurance policy did not go into effect on May 2, 2011, as Plaintiffs allege, but rather the policy was subjected to a thirty-day waiting period.

Nationwide asserts that Plaintiffs fraudulently misrepresented that the insurance application was obtained in connection with executing a loan on the property. The court disagrees. Unlike the insurance application made when Plaintiffs received a loan that stated "Loan Transaction - No Wait," this application stated "Lender Required - No Wait (SFHA)," which indicates that Plaintiffs' lender requires flood insurance on the property- an accurate statement. The SFIP has the following instruction regarding the policy's effective date: "The 30-day waiting period does not apply when flood insurance is required as a result of a lender determining that a loan on a building in an SFHA that does not have flood insurance coverage should be protected by flood insurance." *See* Complaint, Exh. L. This is a separate exception to the waiting period than insurance obtained in connection with making a loan. Defendant has presented no evidence why the exclusion of the waiting period when flood insurance is lender required is not applicable in this case. At this juncture, the court finds that the policy was in effect on May 2, 2011.

Nationwide asserts that even accepting Plaintiffs' policy date as accurate, dismissal of the case is still warranted due to Nationwide's proper reliance on FEMA's flood-in-progress date in

3

denying the policy. Nationwide further contends that FEMA's determination cannot be disturbed by this court.

"When Congress has 'explicitly left a gap for an agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation,'" *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–844 (1984), and any ensuing regulation is binding in the courts unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute." *United States v. Mead Corp.*, 533 U.S. 218, 227 (2001) (citations omitted). The Fifth Circuit has stated the following regarding federal insurance programs:

> [A] policy of "insurance issued pursuant to a federal program must be strictly construed and enforced . . . ." *Gowland v. Aetna,* 143 F.3d 951, 954 (5th Cir. 1998). Because insurance companies act as "fiscal agents" of the government under the National Flood Insurance Program, all policy awards deplete federally allocated funds. *In re Estate of Lee,* 812 F.2d 253, 256 (5th Cir. 1987). Therefore, " 'not even the temptations of a hard case' will provide a basis for ordering recovery contrary to the terms of a regulation, for to do so would disregard 'the duty of all courts to observe the conditions defined by Congress for charging the public treasury.' " *Forman v. Fed. Emergency Mgmt. Agency,* 138 F.3d 543, 545 (quoting *Office of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 420 (1990)).

*Monistere v. State Farm Fire & Cas. Co.*, 559 F.3d 390, 394 (5th Cir. 2009).

FEMA issues "bulletins" as guidance that Nationwide is required to follow pursuant to federal regulation. "The Company [Nationwide] shall comply with written standards, procedures, and guidance issued by FEMA or FIA relating to the NFIP and applicable to the Company." *See* 44 C.F.R. § 62, app. A. Federal regulation further provides that a policy will not be paid if a flood is in progress at the time the policy goes into effect. *See* 44 C.F.R. § 61, app. A(1), art. (V)(B). FEMA sets forth guidelines as to how the flood-in-progress date is established. The court finds that through these regulations, Congress has delegated authority to FEMA to issue guidance to

WYO insurance companies and to determine that denial is proper if a flood is deemed to be in progress at the policy's effective date. The court, therefore, will defer to the agency's interpretation and not disturb the determination of the flood-in-progress date.

While Plaintiffs do not specifically plead a claim for misrepresentation of the insurance agent, they allege in the complaint that the insurance agent falsely informed the couple that the property would be covered under the policy at the time it was purchased. Plaintiffs cannot recover for any misstatements made by the insurance company through its agent since the policy contained provisions regarding the flood-in-progress provision. *See Stephens v. Equitable Life Assurance Soc'y of U.S.*, 850 So. 2d 78 (Miss. 2003). In *Stephens*, the Mississippi Supreme Court held that "insureds are bound as a matter of law by the knowledge of the contents of a contract in which they entered notwithstanding whether they actually read the policy. Any alleged oral agreement . . . does not effect on the written insurance contract." *Id*. at 83, ¶ 15 (citations omitted); *see also Parker v. Miss. Farm Bureau Casualty Ins. Co.*, 997 F.Supp.2d 481 (S.D. Miss. 2014).

## Conclusion

For the foregoing reasons, the court finds that Defendant Nationwide's motion for summary judgment should be and the same is hereby **GRANTED**. A separate order in accord with this opinion will issue this day.

This, the 30th day of September, 2014.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**